# SETTLEMENT AGREEMENT AND
# RELEASE OF CLAIMS

1. This Agreement covers all understandings between MITCHELL PARKER (hereinafter referred to as "Plaintiff" a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and ZEPOL COMMUNICATIONS, LLC (hereinafter referred to as "Defendant" term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendant, as related to the transactions or matters which are the subject matter of the lawsuit, Civil Action No. 1:15-CV-01670-TCB, pending in the United States District Court for the Northern District of Georgia.

   B. That he is unaware of any pending or unasserted claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees or expenses, or causes of action of whatever type or nature, whether legal or equitable which he may now have against Defendant.

   C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

   D. That the below-referenced amount paid by Defendant represents a sum to which Plaintiff would not be entitled absent this Agreement.

   E. That Plaintiff has previously received payment of $1,821.90 from Defendant, representing unpaid overtime wages.

      3.      For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees to pay Plaintiff and Plaintiff's counsel, Morgan & Morgan, P.A., the total consideration of $6,000.00 within 14 calendar days of the entry of an order by the Court in this matter approving this Settlement Agreement and Release of Claims. The above amounts shall be made payable in two checks as follows: (i) one check to "Mitchell Parker" in the amount of $1,821.90, representing liquidated damages; and (ii) one check to "Morgan & Morgan, P.A*.*" in the amount of $4,178.10 representing reasonable attorneys' fees and costs. The aforementioned amounts shall be due and payable by Defendant in addition to the payment of $1,821.90, representing unpaid overtime wages, which Plaintiff acknowledges he received previously.

      The settlement amount paid to Plaintiff for his alleged FLSA liquidated damages described above shall be paid without any deduction for any taxes or other withholdings and reported on IRS Form 1099-MISC and its state tax equivalent. Plaintiff represents and warrants that the payments (both previously paid by Defendant and to be paid under this Agreement) set forth above constitute payment of one hundred percent (100%) of Plaintiff's claims for alleged unpaid back wages and unpaid liquidated damages under the FLSA net of any attorney's fees and costs. The settlement amount paid to Plaintiff's counsel of record for fees and costs described above constitutes payment of Plaintiff's attorney's fees and costs on all claims under the FLSA and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

      ***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

      4.      Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Plaintiff hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES Defendant and the Released Parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, including or arising from the wage and hour claims asserted by Plaintiff in his Complaint, including any claims under the Fair Labor Standards Act, under Georgia statutes, and/or under Georgia common law.

5.  All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this lawsuit is pending for the purposes of obtaining court approval and dismissal of this lawsuit in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. If the District Court does not approve this Agreement, the Parties agree that the terms, conditions, and provisions contained herein are null, void, and without any legal effect.  However, the parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court.

6.  The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party.

7.  It is further understood and agreed that Defendant expressly denies any and all liability for any and all claims that Plaintiff may have against it.  This Agreement is a compromise settlement of disputed claims, and neither this Agreement itself, nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of liability or responsibility for any wrongdoing of any kind.

8.  In the event that Plaintiff or Defendant commences an action to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

9.  Except as provided herein, each of the Parties shall bear all attorneys' fees and litigation costs arising from the actions of its own counsel in connection with the Litigation, the negotiation and execution of this Agreement, the matters referred to herein, the filing for approval of this Agreemen, and all other related matters.  Except as otherwise provided herein, under no circumstance may any party hereto be responsible for the payment of any attorneys' fees or litigation costs of another party hereto.

10. Plaintiff and Defendant agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

11. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

12. Any modification or change to this Agreement must be made in writing and signed by all Parties.

13. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

14. Each party shall execute this Agreement on the designated signature block and direct counsel to transmit that signature page via facsimile or email to counsel for the other parties. Any signature made and transmitted by facsimile or email for the purpose of executing the Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

15. The signatories to this Agreement hereby represent that they are fully authorized to enter into the Agreement on behalf of themselves or their respective principals/clients.

16. The law governing this Agreement shall be that of the United States and the State of Georgia. The United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce the terms of this Settlement Agreement.


DATE:_____       Signature:

                             _____
                             MITCHELL PARKER


DATE: 7/14/15             Signature: *[signed]*
                             By:
                             ZEPOL COMMUNICATIONS, LLC


**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

16. The law governing this Agreement shall be that of the United States and the State of Georgia. The United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce the terms of this Settlement Agreement.

DATE: 07/13/2015          Signature: _Mitchell Park_____
                                     MITCHELL PARKER


DATE:_____           Signature: _____

                                    By:
                                    ZEPOL COMMUNICATIONS, LLC


**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**